O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>   Petitioner,<br><br>   v.<br><br>S.C. (PEOPLE),<br><br>   Respondent. | NO. CV 14-3415-R (MAN)<br><br>ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On May 2, 2014, Petitioner, a California prisoner, filed a pleading that has been construed as a 28 U.S.C. § 2254 habeas petition (Petition"). The Petition challenges the failures of the California Department of Corrections and Rehabilitation (CDCR) and the state courts to grant Petitioner's various petitions and requests for a recall of his sentence and commitment and for resentencing pursuant to California Penal Code § 1170(d).[1]

---

[1] In pertinent part, California Penal Code § 1170(d) ("Section 1170(d)") provides that "the [trial] court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." A related regulation -- Cal. Code Regs. tit. 15, § 3076 -- provides that the Secretary of the CDCR or his designee may at any time recommend to the sentencing court that the inmate's commitment be recalled based upon various reasons, such as compassionate release issues, new evidence relevant to the sentence imposed, and exceptional inmate behavior demonstrating rehabilitation.

Petitioner has brought several other Section 2254 habeas petitions in this district. The first -- Case No. CV 01-2498-R (MAN) -- challenged his current state court conviction sustained in 1998. In May 2001, that action was dismissed, without prejudice, for lack of exhaustion. Petitioner's second Section 2254 action was filed in December 2002 -- Case No. CV 02-9314-R (MAN) -- and again challenged Petitioner's 1998 state court conviction. That petition was denied on its merits and dismissed, with prejudice, in May 2004. In November 2004, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. Petitioner thereafter filed two more Section 2254 habeas petitions challenging his 1998 state court conviction -- Case Nos. CV 04-5043-VAP (MAN) and CV 06-3190-R (MAN) -- and both cases were dismissed without prejudice, pursuant to 28 U.S.C. § 2244(b), on the ground that they were unauthorized second or successive petitions under 28 U.S.C. § 2244(b).

Unlike Petitioner's last two Section 2254 petitions, the instant Petition is not second or successive, because it does not challenge Petitioner's 1998 state court conviction. Rather, Petitioner contends that he meets the Section 1170(d) standards for recall of a sentence/commitment and resentencing, and the CDCR and the state courts misapplied Section 1170(d) when they did not grant his requests. As Petitioner is not challenging his underlying 1998 conviction (on which federal habeas relief already has been denied) and he could not have raised his present claim in his earlier federal habeas action that was resolved on its merits, Section 2244(b) does not bar this action. *See* Hill v. State of Alaska, 297 F.3d 895, 897-99 (9th Cir. 2002) (petitioner's habeas petition challenging the calculation of his release date under the state's mandatory parole provisions held not to constitute a second or successive petition despite petitioner's earlier habeas petitions challenging his underlying conviction)

Here, although the instant Petition is not subject to dismissal under Section 2244(b), it

plainly appears that the Petition is unexhausted.[2]  Moreover, on its face, the Petition is not cognizable.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 summary dismissal is required here.

## DISCUSSION

I.   The Petition Is Fully Unexhausted.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.").  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts."  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995);

---

[2]   The Court may raise exhaustion problems *sua sponte*.  Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges that the Petition has been filed to "appeal" the "final judgment entered in this action on December 30, 2013."  (Petition at 1.)  Petitioner alleges that, since May 2008, he has submitted numerous Section 1170(d) requests and petitions to various divisions and persons within the CDCR, the Los Angeles County Superior Court, and the California Court of Appeal, and in each instance, his request to have his sentence/commitment recalled and to be resentenced, pursuant to Section 1170(d), has been denied.  (Petition at 9-12.)  He has appended to the Petition copies of such denials, including the December 30, 2013 Order of the California Court of Appeal denying his petition for a writ of mandate (Case No. B253189).  (Petition Ex. I.)

The Court has reviewed the dockets for the California Supreme Court, which are available electronically,[3] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  A search of those dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court since September 24, 2001, when he filed a habeas petition that was denied on April 17, 2002 (Case No. S100925); that petition plainly did not exhaust Petitioner's claim based upon his unsuccessful Section 1170(d) efforts, as those efforts did not commence until 2008.  Petitioner has attached to the Petition a copy of a March 24, 2014 letter from the Clerk of the California Supreme Court, which: returned to Petitioner a petition for review received on March 24, 2014, because it was untimely; and advised Petitioner that the filing deadline for his petition for review, seeking review of the California Court of Appeal's December 30, 2013 Order, was January 29, 2014.  (Petition Ex. J.)  Regardless of the return of that untimely petition

---

[3]   *See* http://appellatecases.courtinfo.ca.gov.

for review, based on the evidence of record, Petitioner has not sought habeas, mandamus, or any other similar relief in the California Supreme Court related to the denials of his Section 1170(d) requests and petitions.

Accordingly, the instant Petition is unexhausted, because Petitioner did not present his claims to the California Supreme Court before he sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[4]

II. The Petition Is Not Cognizable.

As noted above, Petitioner contends that the CDCR and state courts misapplied Section 1170(d) when they denied his various requests, because he qualifies for Section 1170(d) relief. He argues at length about why he believes these denials of relief are contrary to California law (Petition at 13-18, 25-42) and asserts that the "issue" to be "reviewed" by this Court is "whether the court properly interpreted and applied 'Recall of commitment,' a claim upon which relief could be granted as required by Penal Code, Section 1170(d) and California Code of Regulations 3076(b)" (*id.* at 1). Petitioner further complains that the denials of his Section 1170(d) requests have deprived him of a state-created liberty interest, in violation of due process, because the California courts and the CDCR interpret Section 1170(d)'s use of the term "may" to mean that the relief to be afforded under the Section 1170(d) procedure is "discretionary." Petitioner

---

[4] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

1  contends that the term "may" should be interpreted to mean "shall" or "must," and thus, the
2  CDCR and state courts were required to grant his Section 1170(d) requests. (Petition at 19-24.)

4  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (internal citations omitted). It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254; *see also* Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (*per curiam*); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See* Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 113 S. Ct. 528, 536 (1992).

Petitioner's claim rests on the premise that the CDCR and the state courts violated Section

1170(d) and/or Section 3076 by failing to recall Petitioner's commitment and resentence him. That premise, even if correct, necessarily fails here, because it does not implicate any federal constitutional concern rectifiable through a grant of federal habeas relief. See Ransom v. Adams, 313 Fed. Appx. 948, 949, 2009 WL 498980, at *1 (9th Cir. Feb.26, 2009) (affirming the summary dismissal of a claim that the petitioner was entitled to compassionate release under subsection (d) of Section 3076, because the contention that state officials failed to follow state law in declining to order such a release "is not cognizable"). Petitioner's assertion that this Court should determine that the denials of his requests for Section 1170(d) sentencing relief rest upon a noncompliance with *California* law does not state a cognizable basis for federal habeas relief.

Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170(d) and a related state regulation into a claim of a violation of his federal constitutional rights, by couching the denial of his Section 1170(d) request as a due process deprivation of a liberty interest, is unavailing. Draping this question of state law in the verbiage of due process or equal protection does not render the claim cognizable here. Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also* Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted).

Moreover, it is well-established under California law that the Section 1170(d) procedure is "permissive, not mandatory." People v. Delson, 161 Cal. App. 3d 56, 62 (1984); *see also, e.g.,* Dix v. Superior Court, 53 Cal. 3d 442, 461 (1991); People v. Portillo, 10 Cal. App. 4th 1829, 1833 (1992). The California courts consistently have held that Section 1170(d) does not confer any right on a defendant to seek the recall of his commitment, and thus, a defendant lacks standing to seek relief under the statute, whether directly or on appeal, should his request for a recall of

his commitment be denied. *See, e.g.,* People v. Pritchett, 20 Cal. App. 4th 190, 193-94 (1993) (observing that the reason why a defendant many not appeal from the denial of his request for a recall of a commitment is that, "because the defendant has no right to request such an order in the first instance," "his 'substantial rights' cannot be affected by an order denying that which he had no right to request"); *see also* People v. Gainer, 133 Cal. App. 3d 636, 641 (1982); People v. Druschel, 132 Cal. App. 3d 667, 669 (1982). Similarly, the Section 3076 recall of commitment regulation "provides no private cause of action for a prisoner who has not actually been recommended for recall of his commitment." Williamson v. Yates, 2011 WL 3290171, at *3 (E.D. Cal., July 28, 2011) (No. 1:11-cv-00155); *see also* Larson v. Runnels, 2007 WL 4557103, at *3 (E.D. Cal. Dec. 21, 2007) (No. CIV S-07-0806) (same), *adopted by* 2008 WL 313963 (Feb. 4, 2008). This federal habeas court is bound by the state courts' interpretation of Section 1170(d) and Section 3076. *See* Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (*per curiam*). As a result, Petitioner's argument -- that he is deprived of a liberty interest unless "may" is construed by a federal habeas court to mean "shall" or "must" -- is directly contrary to the binding California precedent.

To create a liberty interest enforceable under the Due Process Clause, a state statute or regulation must place substantive limitations on official discretion. Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1909 (1989). To give rise to a liberty interest, a regulation must contain "'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest." *Id.* at 463, 109 S. Ct. at 1910 (citation omitted). Given the permissive nature of California's recall of commitment procedure and the wealth of California decisions holding that California prisoners have no state law right to seek enforcement of that procedure, there is no basis for finding that Section 1170(d) and Section 3076 give rise to a liberty interest enforceable as a matter of federal due process. *See* Gonzales v. Marshall, 2008 WL 5115882, at *5 (C.D. Cal. Dec. 4, 2008) (No. CV 08-5102) ("section 1170(d) does not confer any liberty interest protected by the Due Process Clause"). Hence, Petitioner's claim based on the failure of

the CDCR and the California courts to invoke the recall of commitment procedure does not implicate federal due process.

The Petition does not state any tenable basis for federal habeas relief, nor could it do so even if amended. Accordingly, the fact that the Petition is not cognizable -- in addition to Petitioner's failure to exhaust his state remedies -- provides a reason why the Petition must be dismissed.

* * * * *

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required. Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: JUNE 11, 2014.

                                              MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE